IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLINTON MEDCAFE<br>(BOP Registration No. 09315-078),<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:16-CV-1787-K<br>(3:13-CR-295-K-(13)) |

## MEMORANDUM OPINION AND ORDER

Movant Clinton Medcafe, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. *See* Dkt. Nos. 2 & 4. Because his Section 2255 motion is barred by the applicable statute of limitations, as explained below, the Court **DISMISSES** the motion with prejudice.

## Background

Medcafe pleaded guilty to conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A). *See United States v. Medcafe*, 3:13-CR-0295-K-(13) (N.D. Tex., Apr. 22, 2014), Dkt. No. 570. The Court sentenced him to 84 months in prison with three years of supervised release. *See United States v. Medcafe*, 3:13-CR-0295-K-(13) (N.D. Tex., Aug. 27, 2014), Dkt. No. 762. That judgment was entered on August 28, 2014. *See id.* Medcafe did not appeal.

On June 24, 2016, Medcafe filed this Section 2255 motion, which he later

1

amended. *See* Dkt Nos. 1 & 4. Medcafe claims that the Court erred when it applied the career offender enhancement under the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1 because his prior felony convictions should not have been considered crimes of violence or controlled substance offenses. *See* Dkt. No. 4 at 7-8. The government responds that his motion is meritless and untimely, *see* Dkt. No. 8 at 4-8, and Medcafe has not filed a reply.

**Statute of Limitations**

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Medcafe does not allege any facts that could trigger a starting date under Sections 2255(f)(2)-(4), so his limitations period began to run when his judgment of conviction became final. *See* § 2255(f)(1). His conviction became final on September 11, 2014, when his time to file a direct appeal expired. *See* FED. R. APP. P. 4(b)(1)(A)(i) (stating that an appeal in a criminal case must be filed within fourteen days of the entry of judgment); *see also United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that, where a federal prisoner does not file a direct appeal, his conviction becomes final when his time to do so expires). The one-year limitations period expired in September 2015, so Medcafe's Section 2255 motion is untimely absent equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is

entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, Medcafe presents no argument or evidence that extraordinary circumstances prevented him from filing his motion to vacate earlier, and no grounds for equitable tolling are apparent to the Court. Because Medcafe has not met his burden to establish circumstances warranting equitable tolling, his Section 2255 motion is untimely.

## Conclusion

For the foregoing reasons, the motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE** as time-barred.

**SO ORDERED.**

Signed November 16th, 2017.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

4